IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN ANGLE, II,<br>　　　　Plaintiff | )<br>)<br>) C.A. No. 14-880 Pittsburgh |
| v. | )<br>) |
| DIANNA WOODSIDE, et al.,<br>　　　　Defendants. | )<br>) Magistrate Judge Baxter<br>) |

# OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

## I.　INTRODUCTION

### A.　Relevant Procedural and Factual History

Plaintiff Bryan Angle, II, a prisoner formerly incarcerated at the State Correctional Institution at Fayette in LaBelle, Pennsylvania ("SCI Fayette"),[2] instituted this *pro se* civil rights action on July 7, 2014, pursuant to 42 U.S.C. § 1983. Named as Defendants are Dianna Woodside ("Woodside"), who is identified as "the responding officer for the final level of appeal for publication denials" at the Pennsylvania Department of Corrections ("DOC"); and four unnamed Defendants identified as "John/Jane Doe 1," "John/Jane Doe 2," "John/Jane Doe 3," and "John/Jane Doe 4," none of whom has been further identified or served with the complaint in this matter.

Plaintiff alleges that his book/magazine called "The Inmate Shopper" was confiscated from him in violation of his "right to press under the First Amendment."

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 4, 6].

[2] Plaintiff is presently incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania.

On September 29, 2014, Defendant Woodside filed a motion to dismiss [ECF No. 8], arguing that Plaintiff has failed to state a cause of action upon which relief may be granted. In support of this argument, however, Defendant Woodside incorporates by reference the relevant DOC policies at issue, as well as her own testimony that was offered in an earlier case Plaintiff filed with this Court (Civil Action No. 12-249 Erie). As a result, this Court will construe Defendant's motion as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[3] Despite being granted ample time to do so, Plaintiff has failed to file a response to Defendant's motion. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Summary Judgment

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has

---

[3] In this Court's Response Order, dated October 9, 2014, the parties were notified that Defendant's motion to dismiss may be treated, in whole or in part, as a motion for summary judgment pursuant to Fed.R.Civ.P. 56, and Plaintiff, as the non-moving party, was advised to respond accordingly, in accordance with Renchenski v. Williams, 622 F.3d 315 (3d Cir. 2010).

failed to present any genuine issues of material fact. Fed.R.Civ.P. 56(c). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all

reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson, 477 U.S. at 248. Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 247-249.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is

appropriate.

## II. DISCUSSION

### A. First Amendment Claim

Plaintiff claims that the confiscation of his publication, "The Inmate Shopper," was a violation of his First Amendment rights. Although Plaintiff couches his First Amendment claim as violation of his "right to press," it is more appropriately construed as a right to free speech claim, which is actionable under the Fourteenth Amendment. See Mitchell v. Miller, 884 F.Supp.2d 334, 355 (W.D.Pa. 2012), citing Myer v. Grant, 486 U.S. 414 (1988) (First Amendment right to free speech is applicable to state actors under the due process clause of the Fourteenth Amendment).

"In the First Amendment context, a prison inmate retains those First Amendment rights [of freedom of speech and association] that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. Pell v. Procunier, 417 U.S. 817, 822 (1974). Thus, when a prison regulation or practice impinges on an inmate's speech and association rights, "the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). Courts generally accord great deference to prison officials' adoption and execution of policies, regulations, and practices relating to the preservation of internal order, discipline, and security within the prison environment. Thornburgh v. Abbott, 490 U.S. 401, 407-08 (1989); Turner, 482 U.S. at 85. Nonetheless, Turner prescribes four factors to consider in determining the reasonableness of a restriction:

> 1) whether there is a legitimate rational connection between the prison regulation and the governmental interest;

> 2) whether the prisoners have alternative means of exercising the constitutional right at hand;
>
> 3) the impact that accommodation of the constitutional right would have on other prisoners, guards, and prison resources in general; and
>
> 4) the availability of alternatives to the regulation.

482 U.S. at 89-90. See also Waterman v. Farmer, 183 F.3d 208 (3d Cir. 1999).

Here, the primary DOC policy at issue is DC-ADM 803, entitled "Inmate Mail and Incoming Publications," which provides, in pertinent part,

> It is the policy of the Department to allow an inmate access to Communication with members of society through the established public mail system, to inspect mail, determine the types of publications allowed, and to review publications intended for inmates. Restrictions shall be related directly to facility order and security, public safety, and obscenity laws and statutes.

DC-ADM 803, § 11. (ECF No. 9, Defendant's Brief, at pp. 4-5).

Plaintiff previously challenged the application of the foregoing policy by means of a motion for temporary restraining order ("TRO motion") that he filed in an earlier case before this Court, claiming that the confiscation of "The Inmate Shopper" publication violated his right to access the courts. (*See* Civil Action 12-249 Erie at ECF No. 19). On May 2, 2013, this Court held a telephonic hearing on Plaintiff's TRO motion, during which Defendant Woodside offered sworn testimony concerning the nature of the publication at issue and the reasons for its confiscation, which bears directly on the issue at hand:

> Inmate Shopper basically is a catalog, it's about 200, 250 some pages, and it's filled with solicitations, advertisements. It has, for instance, it offers the opportunity for inmates to purchase baskets and gifts, which DOC would prohibit, by the way. It has pages upon pages upon pages of pen pals opportunities, again, which is prohibited by DOC. Some on these pen pal places are gay erotica – those types of things. Also, advertisements for

> adult males. And then it also has over 20 pages, if not more, of providing instructions to inmates on how to set up businesses, and encouraging them to find third parties or 'three persons' to sell their art, books and crafts. Again, which is prohibited by policy by the Department of Corrections.

(Civil Action No. 12-249 Erie, at ECF No. 26, Hearing Transcript, at p. 4).

As the foregoing testimony demonstrates, the reasons for confiscating Plaintiff's publication were rationally related to the DOC policy's legitimate penological interests in maintaining prison security and public safety. Thus, the first factor of the Turner test has been met.

The second factor is concerned with ensuring that inmates have alternative means of exercising the right that has been restricted. In this regard, DC-ADM 815, § 2(A) provides inmates access to the commissary, and allows inmates to make purchases of specific items from approved vendors, through the use of the Pennsylvania Correctional Industries Catalog. (ECF No. 9, Defendant's Brief, at p 6). Furthermore, to the extent Plaintiff alleges that he needs the "Inmate Shopper" to access legal aid to assist with his litigation, DOC Attorney Debra Rand testified at the May 2, 2013 TRO hearing that inmates in the Restricted Housing Unit, like Plaintiff, have access to library aides who can assist with computerized legal research , as well as a PDI Directory, which provides a list of lawyers who can provide legal advice. (Civil Action No. 12-249 Erie, at ECF No. 26, p. 8). Thus, the second factor is also satisfied.

As to the third and fourth factors, it is apparent that there would be no additional burden on prison resources to accommodate Plaintiff's rights, as the necessary accommodations are already in place. The prison's commissary provides available and permissible goods that Plaintiff can purchase apart from those offered by the "Inmate Shopper," and the legal research

capabilities available in the RHU library are sufficient to meet Plaintiff's need for legal assistance.

Thus, Defendant has established that the DOC policy at issue is reasonably related to legitimate penological interests under Turner, such that the confiscation of Plaintiff's publication pursuant to that policy did not violate his First and Fourteenth Amendment rights. Accordingly, summary judgment will be entered in favor of Defendant Woodside and against Plaintiff.

### B. John/Jane Doe Defendants

The Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. See 28 U.S.C. §1915(e)(2)[4]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to

---

[4] Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

state a claim, but it is required to do so by mandatory language.  See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim.").  In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

As noted earlier, the unidentified John/Jane Doe Defendants have never been served in this case, nor has any attorney entered an appearance on their behalf. As a result, said Defendants will be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as they were not identified and served within 120 days of the date the complaint was filed in this case.

An appropriate Order follows.

---

such relief."

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN ANGLE, II, | ) | |
|     Plaintiff | ) | C.A. No. 14-880 Pittsburgh |
| | ) | |
| v. | ) | |
| | ) | |
| DIANNA WOODSIDE, et al., | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## ORDER

AND NOW, this 30th day of June, 2015,

IT IS HEREBY ORDERED that Defendant Woodside's motion to dismiss [ECF No. 8], which is being treated as a motion for summary judgment under Fed.R.Civ.P. 56, is GRANTED, and judgment is entered in favor of Defendant Woodside and against Plaintiff, accordingly.

IT IS FURTHER ORDERED that, pursuant to the authority granted by the PLRA, Plaintiff's claims against all unidentified John/Jane Doe Defendants are DISMISSED for failure to prosecute, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge